**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

William Gilcrease,

              Plaintiff,

    v.

Chime Financial, Inc.,

              Defendant.

Civil Action No: _____

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff William Gilcrease ("Plaintiff") brings this Complaint by and through his attorneys and alleges violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. against Defendant Chime Financial, Inc. ("Chime").

## INTRODUCTION/PRELIMINARY STATEMENT

1. The rapid computerization of modern society has produced an unprecedented expansion in the volume, speed, and complexity of data collected and processed about individual American consumers. Today's digital systems—employed by financial institutions, businesses, governmental agencies, and countless other entities—allow consumer-specific information to be transmitted instantaneously at the request of third parties. In principle, this rapid exchange of data is meant to facilitate more efficient decision-making, reduce delays, and promote societal benefits through increased convenience, accuracy, and administrative efficiency.

2. Electronic funds transfers permit the movement of money through a variety of automated means, including electronic terminals, telephonic instructions, and computer- or magnetic-tape–based transmissions. While these systems have become essential to modern consumer banking, their computerization and the speed with which transactions occur also expose consumers to heightened risks. Unauthorized actors can exploit these systems to initiate rapid and

1

often irreversible withdrawals, frequently before a consumer becomes aware of the misuse. When such fraud is not promptly and adequately redressed by the financial institution, the consumer bears the full brunt of the loss—suffering immediate economic deprivation, cascading financial harm, and significant emotional distress. Recognizing these dangers, Congress enacted the EFTA to ensure that banks, not consumers, bear the responsibility for investigating unauthorized electronic transfers and providing timely remediation when fraud occurs.

3. At all relevant times, an unknown third party executed a series of unauthorized electronic fund transfers that systematically withdrew and diverted money from Plaintiff's deposit account maintained with Defendant. These transactions were initiated and completed without Plaintiff's knowledge, authorization, or consent, and the perpetrating third party—not Plaintiff obtained the full benefit of the misappropriated funds. Plaintiff neither participated in nor otherwise contributed to the fraudulent activity, and the withdrawals constitute quintessential unauthorized electronic fund transfers under the EFTA.

4. Accordingly, Plaintiff asserts a claim against Defendant for its failure to conduct a full, fair, and timely investigation of his dispute, and for failing to review and consider all relevant information that Plaintiff provided, as required by the Electronic Fund Transfer Act. Defendant's inadequate and incomplete handling of Plaintiff's fraud report constitutes a violation of its statutory duties under 15 U.S.C. § 1693f, which mandates prompt investigation, provisional recrediting when necessary, and corrective action upon confirmation of unauthorized transfers.

5. As a result of Defendant's conduct, Plaintiff seeks all remedies available under the Electronic Fund Transfer Act, including actual damages, statutory damages, and an award of costs and reasonable attorneys' fees. Plaintiff further seeks any enhanced damages permitted under the Act for Defendant's willful or negligent violations of 15 U.S.C. § 1693 et seq., as set forth herein.

2

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the EFTA, a federal law. *See* 15 U.S.C. § 1693m(g) (EFTA) (permitting actions to enforce liability in an appropriate United States District Court).

7.      Venue in the Eastern District of Tennessee is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant regularly transacts business within this District, is otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

8.      Plaintiff incorporates herein by reference paragraphs numbered 1 through 7 of this Complaint as though fully set forth at length herein.

9.      Plaintiff is a natural person who resides in the State of Tennessee.

10.      Plaintiff is a "consumer" as defined by the EFTA, 15 U.S.C. § 1693a(6).

11.      At all times relevant, Plaintiff's checking and savings accounts with Defendant Chime were used for personal, family, or household purposes.

12.      At all relevant times, Plaintiff's Account was an "account" and constituted an "account" as defined by 15 U.S.C. § 1693a(2).

13.      Defendant Chime is a national banking association formed under the laws of the United States and was, at all times relevant to this Complaint, a financial institution as defined by 15 U.S.C. § 1693a(9), and has a registered agent for service c/o VCorp Services, LLC, located at 300 Montvue Rd., Knoxville, TN 37919.

14.      At all relevant times, Defendant was a bank that held Plaintiff's Account.

3

15.     At all relevant times, Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

## FACTUAL ALLEGATIONS

16.     Plaintiff incorporates herein by reference paragraphs numbered 1 through 15 of this Complaint as though fully set forth at length herein.

17.     Plaintiff is an individual who lives in the State of Tennessee.

18.     Plaintiff William Gilcrease is an individual who has a Chime Account. A total of $4,006.67 was taken from Plaintiff's Account without his authorization. Plaintiff informed Chime but Chime refused to help, in violation of the EFTA.

19.     Plaintiff is a victim of Fraud.

20.     Plaintiff maintained a consumer checking account with Defendant, which was accessed via a debit card ending in 8730 (the "Card").

21.     On or about August 9, 2025, Plaintiff was in the process of purchasing a vehicle from an individual identified as Donte Bell.

22.     During the course of the transaction, Plaintiff inadvertently left his debit card inside the vehicle.

23.     Donte Bell thereafter drove away with Plaintiff's debit card still inside the vehicle.

24.     Plaintiff did not authorize Donte Bell or any other person to possess, use, or transact with his debit card. At no time did Plaintiff hand over, give, or otherwise voluntarily provide the Card to Donte Bell. Rather, the Card was lost or misplaced during the vehicle transaction, and Donte Bell obtained the Card without Plaintiff's permission or knowledge.

25.     Shortly thereafter, Plaintiff observed multiple unauthorized transactions on his account.

4

26. Specifically, several transactions were conducted through Cash App in the name of Donte Bell.

27. The fraudulent transactions were as follows:

Cash App*Donte Bell*Add
CASH APP*DONTE BELL*ADD OAKLAND CAUS
Amount: $3,625.00
Transaction date: 8/09/2025

Cash App*Donte Bell*Add
CASH APP*DONTE BELL*ADD OAKLAND CAUS
Amount: $25.00
Transaction date: 8/09/2025

Cash App*Donte Bell*Add
CASH APP*DONTE BELL*ADD OAKLAND CAUS
Amount: $100.00
Transaction date: 8/09/2025

Cash App*Donte Bell*Add
CASH APP*DONTE BELL*ADD OAKLAND CAUS
Amount: $256.67

28. These transactions were not initiated, authorized, or otherwise approved by Plaintiff.

29. Plaintiff was not present at, and had no involvement with, the location or device from which the fraudulent transactions originated.

30. The total amount of the unauthorized transactions was $4,006.67.

31. Upon discovering the unauthorized activity, Plaintiff promptly notified Defendant and disputed the transactions.

32. On or around August 9, 2025, Plaintiff disputed the unauthorized transactions to Chime.

33. On or around August 26, 2025, Chime responded via email that based on review of the transactions, they denied his dispute.

34. On August 26, 2025, Plaintiff requested detailed description of Chime's investigation process and an explanation for the denial of the initial claim and a timeline for a final decision.

35. Plaintiff thereafter submitted numerous disputes and each of those disputes were denied.

36. On or around September 17, 2025, Plaintiff submitted a police report to the Metro Nashville Police Department, bearing Report No. 2025-0564535.

37. On or around October 4, 2025, Plaintiff submitted a police report to the Cheatham County Sheriff's Office, bearing Report No. 251004-0067, as the theft happened out of Cheatham County.

<u>Defendant's Failure to Comply with EFTA</u>

38. Plaintiff reported the unauthorized transactions to Defendant within the time required under EFTA.

39. Defendant was therefore required to conduct a reasonable investigation pursuant to 15 U.S.C. § 1693f and Regulation E.

40. Defendant was further required to provisionally credit Plaintiff's account within ten (10) business days if its investigation was not completed.

41. Despite these obligations, Defendant failed to conduct a reasonable investigation into Plaintiff's claims.

42. Upon information and belief, Defendant relied on superficial or automated processes rather than a good-faith review of the facts.

43. Defendant failed to meaningfully consider that:

a. Plaintiff's card was physically taken without authorization;

b. The transactions were made in the name of a third party (Donte Bell);

c. The transactions were inconsistent with Plaintiff's normal account activity;

d. Plaintiff filed contemporaneous police reports with the Metro Nashville Police Department and the Cheatham County Sheriff's Office documenting the theft of his Card and the fraudulent transactions; and

e. Plaintiff's GPS location data established that he was at his home in Ashland City, Tennessee, and not at the location from which the fraudulent transfers were made, when the unauthorized transactions occurred.

44. Defendant denied Plaintiff's disputes and refused to reimburse the unauthorized transactions.

45. Defendant's denial letters failed to adequately explain the basis of its determination.

46. Plaintiff found Defendant's responses unsatisfactory and inconsistent with the requirements of federal law.

47. Despite multiple disputes, Defendant failed to credit Plaintiff's account for the unauthorized transactions.

48. To date, Plaintiff has not received reimbursement for the $4,006.67 taken from his account.

## COUNT I

### VIOLATIONS OF THE EFTA, 15 U.S.C. § 1693 *et seq.*

49. Plaintiff incorporates herein by reference paragraphs numbered 1 through 48 of this Complaint as though fully set forth herein at length.

7

50.     The EFTA and Regulation E place sharp limitations on consumer liability for unauthorized transactions. *See* 15 U.S.C. § 1693g ("Consumer liability"); 12 C.F.R. § 1005.6 ("Liability of consumer for unauthorized transfers").

51.     The EFTA requires that financial institutions limit consumer liability for unauthorized electronic funds transfers to $50 if the consumer notifies the bank within two business days after learning of the loss or theft of an access device, such as a debit card. 12 C.F.R. § 205.6(b)(1).

52.     The EFTA places the burden of proof on the financial institution to demonstrate that the challenged transfers were authorized or, if they were unauthorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

53.     Specifically, under Section 1693g(b), Defendant's must show that the disputed transfer was authorized:

> BURDEN OF PROOF.--In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met, and, if the transfer was initiated after the effective date of section 905, that the disclosures required to be made to the consumer under section 905(a)(1) and (2) were in fact made in accordance with such section.

54.     As a Federal Reserve Board Examiner has explained, "When the alleged error is an unauthorized EFT, the EFTA places the burden of proof on the financial institution to establish the transaction was authorized. Therefore, if the institution cannot establish the disputed EFT transaction was authorized, the institution must credit the consumer's account."[1]

---

[1] Scott Sonbuchner, *Error Resolution and Liability Limitations Under Regulations E and Z: Regulatory Requirements, Common Violations, and Sound Practices,* Consumer Compliance Outlook (2021), *available at* https://www.consumercomplianceoutlook.org/2021/second-issue/error-resolution-and-liability-limitations-under-

8

55. Once Plaintiff notified Chime of the unauthorized transfers, Chime was required to conduct a bona fide reasonable investigation to determine if fraud occurred as required by the EFTA.

56. However, Chime failed to conduct a reasonable investigation and failed to meet their burden by ignoring Plaintiff's disputes of the unauthorized transactions.

57. A reasonable investigation would have included a review of one or more of the following items, which would have led Chime to conclude that fraud had occurred and would have revealed the following:

   a. Plaintiff did not authorize the disputed transactions;

   b. Plaintiff promptly reported the fraudulent transactions;

   c. Plaintiff has no history of making false or unverifiable fraud reports;

   d. Plaintiff has no history of irresponsible use of his account;

   e. Plaintiff has no history of frauds with Chime or any other financial institution;

   f. No other proof exists to refute Plaintiff's claim.

58. Furthermore, the EFTA places the burden of proof on the financial institution to demonstrate the challenged transfers were authorized or, if they were authorized, that the consumer can be held liable for them. 15 U.S.C. § 1693g(b).

59. This burden of proof cannot be and was not plausibly met with regard to the contested transactions.

60. Defendant's acts and omissions set forth above violate the EFTA.

---

regulations-e-and-z/. *See also, Exarhos v. JPMorgan Chase Bank, N.A.*, 2021 U.S. Dist. LEXIS 135292, at *5-6 (N.D. Ill. July 20, 2021); *Acafrao v. United States Century Bank*, 2010 U.S. Dist. LEXIS 162849, at *22 (S.D. Fla. Aug. 9, 2010); *Brown v. Bank of Am., N.A.*, 2022 U.S. Dist. LEXIS 108749, at *4 (D. Md. June 17, 2022).

9

61. As a direct and proximate result of Defendant's violations of the EFTA, Plaintiff is entitled to an award of statutory and actual damages as well as attorney's fees and costs.

62. Defendant's inadequate investigations and imposition of the burden of proof on the consumer contrary to the statute is a violation of 15 U.S.C. § 1693f(e), entitle Plaintiff to treble damages.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff William Gilcrease respectfully requests that this Honorable Court enters judgment against Defendant Chime Financial, Inc. for the following:

(a) An award of all damages to which Plaintiff is entitled to including actual damages, treble damages, statutory damages, nominal damages;

(b) Restitution;

(c) Prejudgment interest; and

(d) An award of attorneys' fees and costs.

Dated: July 1, 2026                                     Respectfully submitted,

**Stein Saks, PLLC**

/s/Joshua Cohen
Joshua Cohen, Esq.
Stein Saks, PLLC
One University Plaza, Ste 620
Hackensack, NJ 07601
201-282-6500
jcohen@steinsakslegal.com

*Counsel for Plaintiff*